**SO ORDERED.**

**SIGNED this 17th day of April, 2026.**

_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**DURHAM DIVISION**

| | | |
|---|---|---|
| **In Re:** | ) | |
| | ) | |
| **Bronzie Harold Lawson III** | ) | Case No. 24-80246 |
| **Pamela Sullivan Lawson** | ) | |
| | ) | Chapter 13 |
| **Social Security Nos.:   xxx-xx-3350** | ) | |
| **xxx-xx-2170** | ) | |
| **Debtors.** | ) | |

## ORDER ALLOWING SUBSTITUTION OF COLLATERAL AND ATTORNEY FEES

THIS MATTER came before the Court on motion of the Debtor for substitution of collateral and for attorney fees (the "Motion"). Anita Jo Kinlaw Troxler ("Trustee") is the duly appointed Chapter 13 Trustee in this case.  All interested parties having received proper notice, no response or objection was filed by the established deadline.  Having considered the motion and other matters of record in this case, the Court finds and concludes as follows:

1.     This Court has jurisdiction over the parties and subject matter of this action.

2.     The Debtors filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code on October 31, 2024.

3.     At the time the Debtors filed the Chapter 13 petition, the Debtors owned a 2023 Chevrolet Traverse sport utility 4-door van (the "Vehicle"), on which SANTANDER CONSUMER USA, INC. (hereinafter "Creditor") held a valid first lien.

4. The Creditor is being paid through disbursements by the Trustee pursuant to the Confirmation Order in this case.

5. The Vehicle was involved in an accident and was deemed a total loss.

6. The loss of the Vehicle leaves the Debtors without reliable transportation necessary to the Debtors' reorganization.

7. The Vehicle was insured with USAA Insurance Company ("Insurance Company") at the time of the accident.

8. The current approximate balance owed to the Creditor on its secured claim is $31,590.00.

9. The Insurance Company is holding the insurance proceeds for the loss of the Vehicle of $27,336.43 (the "Insurance Proceeds").

10. The Debtors' request for substitution of collateral would not cause undue hardship upon the Creditor and replacement of the collateral would not adversely affect the Creditor's secured claim in this case.

11. To allow the Creditor to retain the Insurance Proceeds as a result of this accident would seriously jeopardize the Debtor's reorganization and would place the Creditor in a position of being paid early at the expense of the Debtors' reorganization.

12. The Creditor should be required to forward the clear certificate of title to the Vehicle to the Insurance Company upon written notification from the Debtors' attorney that the Insurance Proceeds have been received by the Debtors' attorney and no later than 30 days from the date of this Order.

13. The Debtors incurred reasonable and necessary attorney fees in the prosecution of this Motion.

The Court finds that there is sufficient cause to grant the relief requested in the Motion; therefore, it is ordered as follows:

1. The Debtors are allowed to substitute collateral for the Vehicle, as a result of which the Creditor will release its lien on the Vehicle and obtain a first lien upon a replacement vehicle.

2.      The replacement vehicle chosen by the Debtors (the "Replacement Vehicle") must be mutually acceptable to the Debtors and the Creditor and must be comparable in value to the Vehicle. Prompt consent (within **twenty-four** hours) shall not be unreasonably withheld or delayed by the Creditor.

3.      The Insurance Proceeds shall be paid by the Insurance Company forthwith to the trust account of the Debtors' attorney, to be held by the attorney and released to the seller of the Replacement Vehicle only under such circumstances that the Creditor is granted a security interest in the Replacement Vehicle and entered as the first lienholder on the Debtors' certificate of title to the Replacement Vehicle. In this regard, the Debtors' attorney is hereby expressly authorized to sign and deliver to the Creditor a Substitution of Collateral Agreement for the Replacement Vehicle, in the form attached hereto as **Attachment A**, on behalf of the Debtors as Debtors' attorney in fact.

4.      The Debtors' attorney shall upon receipt of the Insurance Proceeds immediately provide written notification to the Creditor that the Insurance Proceeds have been received and that the clear certificate of title to the Vehicle should be turned over to the Insurance Company no later than 30 days from the date of entry of this Order.

5.      The Creditor is required to forward the clear certificate of title for the Vehicle to the Insurance Company upon notification by the Debtors' attorney that the Insurance Proceeds have been received and no later than 30 days from the date of entry of this Order.

6.      Any portion of the Insurance Proceeds not used for the purchase of the Replacement Vehicle shall be delivered by the Debtors' attorney to the Trustee for disbursement on the Creditor's secured claim.

7.      The Debtors' attorney is allowed the presumptive fee of $700.00 for services in connection with this motion, to be paid through disbursements by the Trustee.

END OF DOCUMENT

## ATTACHMENT A

## (FORM AGREEMENT TO SUBSTITUTE COLLATERAL)

## AGREEMENT TO SUBSTITUTE COLLATERAL

| BUYER NAME(S)              ADDRESS | ACCOUNT # | DATE OF CONTRACT |
|---|---|---|
| Pamela Sullivan Lawson    208 Dawson Virginia Dr, Raeford, NC  28376 | | 03/27/2026 |

| ORIGINAL SELLING DEALER | ADDRESS |
|---|---|
| | |

| NEW SELLING DEALER | ADDRESS |
|---|---|
| Capital Chevrolet GMC of Lexington | 96 Radio Dr, Lexington, NC  27292 |

| ORIGINAL VEHICLE | | SUBSTITUTED VEHICLE | |
|---|---|---|---|
| **YEAR AND MAKE** 2023 Chevrolet | | **YEAR AND MAKE** 2025 Subaru | |
| **SERIES NAME** Traverse sport utility 4 door van | | **SERIES NAME** Outback sport utility | |
| **BODY TYPE & MODEL NO.** Sport utility vehicle | | **BODY TYPE & MODEL NO.** Sport utility vehicle | |
| **VEHICLE IDENTIFICATION NUMBER** 1GNERFKW2PJ138649 | | **VEHICLE IDENTIFICATION NUMBER** 4S4BTADC2S3264540 | |
| **VEHICLE COLOR** | **NUMBER OF CYLINDERS** | **VEHICLE COLOR** Ice Silver Metallic | **NUMBER OF CYLINDERS** |

**Whereas,** Original Selling Dealer and Buyer(s) entered into a Retail Installment Contract identified by the above account number (the "Contract") for the purchase of the Original Vehicle; and

**Whereas**, the Contract was assigned by Selling Dealer to _PNC Bank__ ("Assignee"), and

**Whereas,** the Original Vehicle has been determined to be a total loss as a result of theft or damage to the vehicle; and

**Whereas,** Buyer(s) and Assignee wish to use the insurance proceeds to acquire the Substituted Vehicle from the New Selling Dealer and substitute the Substituted Vehicle for the Original Vehicle under the contract.

**NOW,** therefore, in consideration of the undertakings herein, the receipt and sufficiency of which is hereby acknowledged, the parties hereby agree as follows:

1.      Release of Original Vehicle. Buyer(s) relinquish to New Selling Dealer all of their title and interest in the insurance proceeds from the Original Vehicle.

2.      Delivery of Substituted Vehicle/Grant of Security Interest by Buyer(s). Buyer(s) accept delivery of the Substituted Vehicle. Buyer(s) agree that the terms and conditions of the Contract shall apply for the Substituted Vehicle, and Assignee shall have a security interest in the Substituted Vehicle as provided in the Contract.

3.      Consent to Security Interest/Release of Security Interest in Original Vehicle. Assignee accepts a security interest in the Substituted Vehicle and releases its security interest in the insurance proceeds from the Original Vehicle.

4.      Effect on Other Agreements. Except as stated above, the terms and conditions of the Contract shall continue in full force and effect. The terms and conditions of the agreement between Selling Dealer and Assignee shall apply to the Substituted Vehicle and shall otherwise remain in full force and effect.

By signing below, we acknowledge our agreement to the above Agreement to Substitute Collateral, effective as of _____, 20___.

Buyer: _____          _____

Co- Buyer:_____      By:_____

Title:_____

## PARTIES TO BE SERVED:

**Via Electronic Notification**:

Mr. John Paul Cournoyer
Bankruptcy Administrator

Ms. Anita Jo Kinlaw Troxler
Standing Trustee

Cathy Robinson Stroupe
Debtors' attorney

**Via Regular First-Class U.S. Mail:**

Bronzie and Pamela Lawson
208 Dawson Virginia Dr
Raeford, NC  28376

Santander Consumer USA, Inc.
P.O. Box 961245
Fort Worth, TX  76161-1245

USAA Claims Department
P.O. Box 33490
San Antonio, TX  78265